HENDLEY *et al. v.* CLAY.

No. 13982.   FEBRUARY 13, 1942.   REHEARING DENIED MARCH 17, 1942.

*Jones, Jones & Sparks,* for plaintiffs.

*Harry S. Strozier, E. P. Johnston,* and *R. F. Scarborough,* for defendant.

GRICE, Justice.   Besides the one for process and for general relief, the only prayers were that the release be declared void and of no effect, and that the clerk be directed to enter on the page where the release is recorded a notation that it is void as to the real estate therein described, which is still owned by defendant.   If for any reason the plaintiffs in error were entitled to maintain the petition for the purpose of having the release canceled, it was erroneous to sustain the motion to dismiss the action.

Equity is not a knight-errant that goes hither and thither for the purpose of righting every wrong.   A large, indeed the larger number of these can be redressed in a court of law; and when this is the case, equity steps aside, since its aid is reserved for those for whom no full, complete, and adequate relief can be obtained in a court of law.   Code, § 37-120.

The petition discloses that the complainants are the holders of a judgment and fi. fa. against Mrs. Clay.   It is not alleged that she is insolvent.   On the contrary it is averred that the fi. fa. has been levied on personal property which petitioners contend is her property subject to levy and sale thereunder, which is believed to be of sufficient value to satisfy said execution in full.   It is further averred that no claim has been filed to the property so levied upon, but that Mrs. Clay "contends that she is not the owner of said property, and that much of it will be claimed by other persons, and will not be sold to satisfy your petitioners' executions, the said

Mrs. Clay being indefinite and not specific as to just what property so levied on is not hers and as to which claims will be filed." As relating to the question of solvency or insolvency the petition contains this further statement: "As long as said levy stands and the property levied on is not claimed, an additional levy on real estate at this time might be excessive. . . Your petitioners show that outside of the personal property levied on as hereinabove set out, and of the real estate described in said release and still owned by said Mrs. Clay, the said Mrs. Clay has no visible property out of which said judgment and execution can be collected."

Petitioners may, if they wish, test out their contention that the property already levied on is subject to their execution and sufficient in value to satisfy it. In any view of the case they do not show such injury as will justify equitable relief.

What rights, if any, the plaintiffs may have as against the land is not now for decision by this court. What is held is merely that the action was properly dismissed.

*Judgment affirmed. All the Justices concur.*

ATKINSON, P. J., concurs in the result.